(No. 16949.—Appeal dismissed.)
KENNETH E. NETTLETON, Guardian, Appellee, *vs.* ALICE HAIMOWITZ, Appellant.

*Opinion filed April 23, 1926.*

JUDICIAL SALES—*when person cannot object to confirmation of sale—appeal.* There are circumstances under which an unsuccessful bidder may object to the confirmation of a sale, but a bidder who has refused to comply with the terms of a sale requiring a deposit in a bank of the amount bid pending confirmation, and who, when informed of such condition, withdraws her check tendering ten per cent of her bid, must be regarded as never having bid, and if the property is immediately re-offered for sale she cannot object to confirmation of the sale to another bidder and has no right to appeal from the order confirming the sale, even though her bid is higher and she is ready to pay the full amount.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

JOHN W. ELLIS, and S. M. HAIMOWITZ, for appellant.

BERNSTEIN, ZOLLA & BERNSTEIN, (GERARD A. CONNOR, of counsel,) for appellee.

Per CURIAM: Appellee, Kenneth E. Nettleton, guardian of John Edward Nettleton, a minor, who lives in Connecticut, filed an application in the circuit court of Cook county to sell the interest of John Edward Nettleton in eight certain pieces of real estate situated in the city of

Chicago. The petition set out the property of the ward as a one-fifth interest in the eight described pieces of real estate and averred it to be of the value of approximately $55,000. Upon the filing of a bond in the sum of $110,000, duly approved by the probate court of the district of New Haven, Connecticut, the bond was approved by the circuit court of Cook county, and an order was entered directing that the guardian advertise the real estate for four weeks, post notice of sale and expose all of the real estate for sale to the highest and best bidder upon the following terms: "The purchaser or purchasers to pay in cash the purchase price to be paid as soon as the sale is approved by the court, the money to be deposited with the Foreman Trust and Savings Bank immediately after the sale, the said guardian to report said sale to this court for confirmation as soon as may be, and upon approval and record thereof to execute and deliver a deed or deeds to such purchaser or purchasers." The order of sale also appointed Fred Bernstein to act as auctioneer of the property in the event of the absence or inability of the guardian to attend such sale. It appears from the record that on the date on which the sale was advertised Bernstein offered the property for sale in accordance with the provisions of the decree. Appellant, by her agent, appeared and bid the sum of $60,500 for the same, and this being the highest and best bid the auctioneer declared the property sold to her, whereupon she made a check for $6050, which was ten per cent of her bid, but upon being informed that it was necessary for her to deposit the amount of her bid with the Foreman Trust and Savings Bank, as required by the decree, she refused to do so and withdrew the check given in payment of the ten per cent. Bernstein thereupon re-offered the property and sold it to William T. Keck, Charlotte E. Dorn and Florence Hoover Wasson for the sum of $60,000, they being the highest and best bidders. Immediately after the sale the purchasers deposited the sum of $60,000 with the Foreman

Trust and Savings Bank. The guardian made report of the sale to Keck, Dorn and Wasson for the sum of $60,000 and reported the circumstances of the bid of appellant. Appellant appeared and objected to the report of sale on the ground that the decree of sale was indefinite as to the payment of the purchase price, and on the further grounds that Bernstein had no authority to make the sale, and that the report should have shown that she, (appellant,) and not the purchasers there shown, offered the highest and best bid. In her objection she stated that she was then ready, willing and able to pay the full purchase price for the premises, which was $500 more than the amount for which it was sold to Keck, Dorn and Wasson. These objections were overruled and the sale approved, and appellant brings the cause here for review.

No disputed questions of fact are involved, but appellant contends the decree authorizing Bernstein, in the absence of the guardian, to conduct the sale and requiring the successful bidder to deposit the amount of the bid in the Foreman Trust and Savings Bank pending the confirmation of the sale was erroneous, and no reference was made in the notice of sale to the requirement that the purchase price be deposited in the bank until the sale is approved. It is difficult to understand what right appellant had to be made a party to the proceeding when the sale was reported to the court for confirmation or to prosecute an appeal from the order. She refused to comply with the decree, when the property was sold to her, by depositing the amount of her bid in the bank. She gave her check for ten per cent of the amount of her bid, and when told the terms of sale required the deposit of the whole amount pending the confirmation of the sale she refused to deposit the money and withdrew her check. Her position then was not different from what it would have been if she had not bid on the property. She now claims she had a right to waive her objection to the alleged errors in the decree and to take the property at the

bid she made but that the purchasers to whom the property was sold after she refused to comply with the terms of the sale are not parties to her objections to the report of sale and the sale as to them is void. We are of opinion appellant has no more standing or right to object to the confirmation of the sale than if she had never bid on the property. Because she refused to comply with the terms of sale there was no sale to her, and she was as much a stranger to the sale as if she had not bid. No one would contend that any stranger to the parties and to the sale could object to its confirmation. Appellant refused to comply with the terms of the sale and the property was not sold to her. After her refusal there was nothing else to do but re-offer the property for sale. A bidder at a sale whose bid is accepted and to whom the property is knocked down has an interest in the confirmation of the sale. Appellant's bid was not accepted because she refused to comply with the terms of the sale, and the property, with her knowledge, was sold to others. She has no other claim or interest in the property than that she bid it off but refused to make good her bid, and that is no interest at all. There are circumstances under which an unsuccessful bidder may object to the confirmation of a sale, and under some conditions the court may of its own motion refuse to approve a sale, but none of those circumstances or conditions existed in this case. There would be no certainty or stability in judicial sales until after confirmation if a sale might be attacked by any-one having no interest in it. Appellant is nothing more than a volunteer having no interest in the subject matter or the parties. She had no right to object to the confirmation of the sale and no right to prosecute this appeal from the order confirming it.

The appeal is dismissed.          *Appeal dismissed.*